AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
Mar 08 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States of America
v.
Patrice Laval Davis,
*Defendant(s)*

Case No. 4:24-mj-70363-MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of March 6, 2024 in the county of Alameda in the Northern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a firearm and/or ammunition by a convicted felon. |
| Penalties | Maximum penalties are: 15 years imprisonment, 3 years of supervised release, $250,000 fine, $100 special assessment, forfeiture |

This criminal complaint is based on these facts:

See attached Affidavit of ATF Special Agent Andrew Balady

☑ Continued on the attached sheet.

/s/ Andrew Balady
*Complainant's signature*

Andrew Balady, ATF Special Agent
*Printed name and title*

Approved as to form /s/ Jonah P. Ross
AUSA JONAH P. ROSS

Subscribed and sworn before me by telephone in accordance with the requirements of Fed. R. Crim. P. 4.1 and 4(d)

Date: March 8, 2024

*Judge's signature*

City and state: Oakland, CA

HON. DONNA M. RYU, Chief Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Andrew Balady, Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Patrice Laval Davis ("DAVIS") for unlawfully possessing a firearm, in violation of Title 18, United States Code, Section 922(g)(1), on or about March 6, 2024, in the Northern District of California.

## SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that a violation of the federal law identified above has occurred. Further, my understanding of the significance of certain events and facts may change as the investigation progresses.

3. The information in this affidavit, including the opinions which I have formed and statements set forth herein, is based upon my training and experience in the field of firearms and illegal narcotics investigations, personal participation during the course of this investigation, knowledge obtained from investigative reports, reliable sources of information relevant to this investigation, consultation with other experienced local and federal law enforcement officials, and upon my examination and review of various reports and other records. Unless otherwise noted, when I assert that a statement was made, I have either heard the statement directly or listened to a recording of the statement, or the statement was reported to me by another law enforcement officer, either directly or indirectly in a written report. The officer providing me with the information may have received the information by way of personal knowledge or from another source.

## AFFIANT BACKGROUND

1. I am a Special Agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since July 2017. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am a graduate of the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF National Academy Special Agent Basic Training Course. My duties include the investigation of criminal violations of federal firearms, explosives, and arson laws, as well as those involving violent crime. I am also an ATF Firearms Interstate Nexus Expert, in which I have received 40 hours of training in the identity and origin of firearms and ammunition. Prior to being an ATF Special Agent, I was employed as a police officer with the Belmont, California Police Department from approximately September 2013 to May 2017. During my employment with the Belmont Police Department, I was assigned to the Patrol Division as a patrol officer and had the collateral duty of being an Evidence Technician in the Crime Scene Unit.

2. As an ATF Special Agent, I have conducted and participated in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records.

4. As a federal agent, I am authorized to investigate violations of the laws of the United States, and I am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

## APPLICABLE STATUTES

5. The elements of Title 18, United States Code, Section 922(g)(1) are as follows: (1) the defendant knowingly possessed a firearm; (2) that firearm had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time the defendant possessed the firearm, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## FACTS SUPPORTING PROBABLE CAUSE

### DAVIS Possessed a Firearm and Ammunition on or about March 6, 2024

6. At around 7:00 a.m. on March 6, 2024, agents of ATF (including me) and the United States Marshals Service ("USMS") conducted a surveillance operation in search of DAVIS. DAVIS had previously absconded from state court in Alameda County, where he faced felony charges including multiple counts of robbery, assault with a semiautomatic weapon, and shooting at an inhabited vehicle from an incident in January of 2024, and there was an active warrant for his arrest. DAVIS was also on parole subject to search of his vehicle and areas under his control without suspicion, following a California state prison sentence for residential burglary.

7. At around 11:20 a.m., the ATF and USMS agents tracked DAVIS to the Extra Space Storage facility located at 14340 Washington Avenue in San Leandro, CA, where the agents observed DAVIS standing in front of storage unit number D03. DAVIS was standing next to the driver's side of a black Chevrolet Silverado pickup truck. The truck's engine was running, the front driver's side door was open, and the storage unit's roll-up door was also completely open, providing DAVIS with access to both the truck and the storage unit. No one other than DAVIS was present in the area near storage unit D03 or the Silverado pickup truck. The agents approached and detained DAVIS without incident.

8. As permitted by the standard conditions of DAVIS's parole, agents searched the pickup truck and the storage unit. The agents located a pistol, specifically a Glock 30 Gen4, with serial number BGBY091, wedged between the truck's driver's seat and the center console. While rendering the firearm safe, I observed that there was a live cartridge in the pistol's chamber. A query of the National Crime Information Center revealed that the pistol had previously been reported stolen. The following photographs depict the location where the pistol was located and the pistol after it was rendered safe:





9. In the storage unit, agents located the following:

- CZ Scorpion EVO 3 S1, 9mm firearm, with serial number D306709;
- Privately made rifle-style firearm, with one live cartridge located in the chamber;
- Glock 20, Gen4, 10mm pistol, with serial number BMXR133, with 15-round magazine containing 13 live rounds in the magazine and one round in the chamber;
- Ruger-57 pistol, with serial number 643-46140, with 20-round magazine and

one round in the chamber;

- Various empty magazines;
- Various magazines containing live ammunition;
- Various live cartridges and boxes of ammunition;
- Money counting machine;
- Large plastic bag containing a white powdery substance in the shape of a brick (see following photograph), suspected to be cocaine hydrochloride (further lab analysis will be needed to confirm the nature of the substance);



- Indicia showing DAVIS's name, including paperwork from the California Department of Corrections and Rehabilitation.

10. The manager of the Extra Space Storage facility informed agents that DAVIS recently paid to rent storage unit D03 and had been visiting the unit frequently. The manager provided the agents with the receipt confirming DAVIS's rental of unit D03. The manager also confirmed that he had seen DAVIS driving the same Chevrolet Silverado on several occasions. Surveillance footage showed DAVIS on March 6, 2024, paying to rent the storage unit and later

accessing both the Silverado pickup truck and unit D03:





11. DAVIS was transported to the Oakland Police Department ("OPD") Police Administration Building to be interviewed by OPD investigators regarding his potential involvement in other crimes. After being read and acknowledging his *Miranda* rights, DAVIS was shown a photograph of the same Chevrolet Silverado the agents had observed him standing by and which the agents later searched. DAVIS acknowledged the truck belonged to him. When DAVIS was shown a photograph of a set of keys, he acknowledged that the keys accessed the storage unit the agents had searched, that he had access to the unit, and that he kept clothes in the unit. When he was shown photographs of the recovered firearms and the suspected cocaine, DAVIS denied ownership of the firearms and suspected cocaine.

**The Firearms and Ammunition Possessed by DAVIS Traveled in Interstate Commerce**

12. ATF Special Agent Dillon Phillips, a certified ATF Interstate Nexus Expert, was on scene at the time of DAVIS's arrest and the subsequent searches of his pickup truck and storage unit D03. Special Agent Phillips reviewed the recovered firearms and ammunition, including the Glock 30 Gen4, serial number BGBY091, and concluded that all (except for the privately made rifle-style firearm) were manufactured outside of the state of California. Consequently, to be recovered in the Northern District of California, all the recovered firearms (except for the privately made rifle-style firearm) and ammunition traveled in interstate

commerce prior to March 6, 2024.

**Prior to Mach 6, 2024, DAVIS Had Been Convicted of Multiple Felonies and Been Sentenced to More Than a Year in Custody on Multiple Occasions**

13. As part of my investigation, on March 6, 2024, I conducted a review of DAVIS's criminal history report, and confirmed that DAVIS had previously been convicted of several crimes punishable by a term of imprisonment exceeding one year. The following chart shows his prior felony convictions, the year of the conviction, the maximum custody time for each crime, and the custody time DAVIS received at sentencing:

| Year of Conviction | Crime | Maximum Term of Imprisonment | Custodial Sentence Received |
|---|---|---|---|
| 2023 | Cal. Pen. Code § 32 (accessory after the fact) | 3 years prison | 56 days jail |
| 2017 | Cal. Pen. Code § 459 (first degree) (residential burglary) | 6 years prison | 13 years prison (street gang enhancement applied) |
| 2015 | Cal. Veh. Code §§ 10851(a) (taking vehicle without owner's consent) and 2800.2(a) (evading peace officer) | § 10851(a): 3 years prison<br>§ 2800.2(a): 3 years prison | 2 years prison, concurrent |
| 2015 | Cal. Pen. Code § 32 (accessory after the fact) | 3 years prison | 2 years jail |
| 2014 | Cal. Pen. Code § 459 (first degree) (residential burglary) | 6 years prison | 1 day jail |
| 2013 | Cal. Pen. Code § 25400(a)(1) (carrying concealed firearm in vehicle)<br>Cal. Pen. Code § 496 (receipt of stolen property | § 25400(a)(1): 3 years prison<br>§ 496(a): 3 years prison | 360 days jail |

14. Because—on multiple occasions—DAVIS has been sentenced to more than one

year in prison for his convictions, there is probable cause to believe that, at the time he possessed the firearm on March 6, 2024, DAVIS knew he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year.

**CONCLUSION**

15. Based on the information set forth in the paragraphs above, I submit that there is probable cause to conclude that, on or about March 6, 2024, in the Northern District of California, DAVIS committed the crime of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

/s/ Andrew Balady
Andrew Balady
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn before me by telephone in accordance with the requirements of Fed. R. Crim. P. 4.1 and 4(d) on this 8th day of March, 2024.

HONORABLE DONNA M. RYU
Chief Magistrate Judge